IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN W. THOMPSON and JACQUELINE M. THOMPSON, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) CIVIL NO. 10-124-GPM<br>) |
| COTTRELL, INC., and AUTO HANDLING CORPORATION, | )<br>)<br>) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

### I. INTRODUCTION

This case, which comes to the Court via removal from state court, is before the Court sua sponte on the issue of federal subject matter jurisdiction. *See Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004) (a district court's "first duty in every suit" is "to determine the existence of subject-matter jurisdiction"); *Asperger v. Shop Vac Corp.*, 524 F. Supp. 2d 1088, 1091 (S.D. Ill. 2007) (quoting *Hay v. Indiana State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002)) (reviewing sua sponte the allegations of federal subject matter jurisdiction contained in a notice of removal because "[j]urisdiction is the . . . power to declare law, . . . and without it the federal courts cannot proceed. Accordingly, not only may the federal courts police subject matter jurisdiction *sua sponte*, they must."). Plaintiff John W. Thompson is a car hauler employed by Jack Cooper Transport Company ("Cooper") who was injured while using a trailer manufactured by Defendant Cottrell, Inc. ("Cottrell"). Mr. Thompson asserts claims for strict products liability, negligence, and breach of warranty against Cottrell. Also named as a Defendant is Auto Handling Corporation ("Auto Handling"), a company

owned by Cooper and based in Missouri that is alleged to be responsible for performing maintenance on Cooper's Cottrell rigs. Mr. Thompson's wife, Plaintiff Jacqueline M. Thompson, asserts a derivative claim for loss of consortium. This case was filed originally in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, and has been removed to this Court by Cottrell; federal subject matter jurisdiction is asserted on the basis of diversity of citizenship. Having reviewed the existence of subject matter jurisdiction in this case, the Court concludes that this case is due to be remanded to state court.

## II. ANALYSIS

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). In general, federal courts have original subject matter jurisdiction in diversity in cases in which there is complete diversity of citizenship among the parties to an action and in which an amount in excess of $75,000, exclusive of interest and costs, is in controversy. *See* 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 547 (7th Cir. 2008); *Glisson v. Matrixx Initiatives, Inc.*, Civil No. 10-76-GPM, 2010 WL 685894, at *1 (S.D. Ill. Feb. 22, 2010); *Newsom v. Caliber Auto Transfer of St. Louis, Inc.*, Civil No. 09-954-GPM, 2010 WL 415388, at *1 (S.D. Ill. Feb. 1, 2010). Complete diversity of citizenship means, of course, that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." *Howell v. Tribune Entm't Co.*, 106 F.3d 215, 217 (7th Cir. 1997). *See also Krueger v. Cartwright*, 996 F.2d 928, 931 (7th Cir. 1993) ("Under the rule of complete diversity, if there are residents of the same state on both sides of a lawsuit, the suit cannot be maintained under the diversity jurisdiction even when there is also a nonresident party."). In the context of removal, it is the

defendant, as the proponent of federal subject matter jurisdiction, who has the burden of proof as to the existence of such jurisdiction. *See Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008); *In re Brand Name Prescription Drugs Antitrust Litig.*, 123 F.3d 599, 607 (7th Cir. 1997); *Misiak v. Farmer*, Civil No. 10-133-GPM, 2010 WL 685895, at *1 (S.D. Ill. Feb. 23, 2010).

It appears from the allegations of Mr. and Mrs. Thompson's complaint that an amount in excess of $75,000, exclusive of interest and costs, is in controversy, given that the complaint seeks damages in excess of $50,000 and alleges that Mr. Thompson has suffered severe and permanent injuries, together with willful and wanton conduct by Cottrell that, if proven, might justify an award of punitive damages. *See Andrews v. E.I. Du Pont De Nemours & Co.*, 447 F.3d 510, 514-15 (7th Cir. 2006) (holding that diversity jurisdiction was proper where the plaintiff's complaint sought damages "in excess of $50,000" and alleged "severe and permanent" injuries); *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815 (7th Cir. 2006) (in a removed case arising from a slip-and-fall incident at a motel, holding that the minimum amount in controversy for purposes of federal diversity jurisdiction was satisfied where the plaintiff's medical expenses and lost earnings amounted to $45,000, so that "[a] modest allowance for pain, suffering, and future losses (either income foregone or medical expenses incurred) brings the total over the threshold."); *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 428-29 (7th Cir. 1997) (holding the amount in controversy for diversity purposes was satisfied where the plaintiff's medical expenses amounted to $4,400 and the plaintiff sought damages for "future medical treatment and disability care, future pain and suffering, future mental anguish, loss of past wages and impairment of future earning capacity"); *Anthony v. Security Pac. Fin. Servs., Inc.*, 75 F.3d 311, 317-18 (7th Cir. 1996) (punitive damages in a ratio of two or three times a plaintiff's actual damages properly can be reckoned into the amount in controversy); *Colon v.*

*SmithKline Beecham Corp.*, Civil No. 09-1073-GPM, 2010 WL 46523, at *2 (S.D. Ill. Jan. 5, 2010) ("[T]his Court routinely finds the amount in controversy to be satisfied in cases where plaintiffs allege 'severe and permanent personal injuries[.]'"). However, diversity of citizenship is not complete. Cottrell is a corporation incorporated under Georgia law with its principal place of business in Georgia, so that it is a citizen of Georgia for purposes of federal diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1); *Nuclear Eng'g Co. v. Scott*, 660 F.2d 241, 250 (7th Cir. 1981); *Lyerla v. Amco Ins. Co.*, 461 F. Supp. 2d 834, 836 (S.D. Ill. 2006). *See also Hertz Corp. v. Friend*, No. 08-1107, 2010 WL 605601, at **11-13 (U.S. Feb. 23, 2010) (holding that the location of a corporation's principal place of business for diversity purposes is the state where the corporation has its headquarters or nerve center). Mr. and Mrs. Thompson are citizens of Missouri, as is Auto Handling, a corporation incorporated under Delaware law with its principal place of business in Missouri.

Cottrell contends that the Court can disregard Auto Handling's citizenship because Auto Handling has been fraudulently joined to defeat diversity jurisdiction. In evaluating diversity of citizenship, a court must disregard a defendant that has been fraudulently joined. *See Schwartz v. State Farm Mut. Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999); *Brown v. Bayer Corp.*, Civil No. 09-760-GPM, 2009 WL 3152881, at *2 (S.D. Ill. Sept. 28, 2009). In the Seventh Circuit a defendant is fraudulently joined to defeat diversity when "there is no possibility that a plaintiff can state a cause of action against [the] nondiverse defendant[ ] in state court, or where there has been outright fraud in plaintiff's pleading of jurisdictional facts." *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993). *See also Hoosier Energy Rural Elec. Coop., Inc. v. Amoco Tax Leasing IV Corp.*, 34 F.3d 1310, 1315 (7th Cir. 1994); *Rutherford v. Merck & Co.*, 428 F. Supp. 2d 842, 846 (S.D. Ill. 2006). A defendant seeking removal based on alleged fraudulent joinder has the "heavy" burden of proving that, after the court resolves all issues of law and fact in the plaintiff's favor, there

is no possibility that the plaintiff can establish a cause of action against the diversity-defeating defendant in a state court. *Hill v. Olin Corp.*, No. 07-CV-0054-DRH, 2007 WL 1431865, at *1 (S.D. Ill. May 14, 2007); *LaRoe v. Cassens & Sons, Inc.*, 472 F. Supp. 2d 1041, 1045 (S.D. Ill. 2006). This standard, the United States Court of Appeals for the Seventh Circuit suggested recently, may be "even more favorable to the plaintiff than the standard that applies to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 764 (7th Cir. 2009). *See also Ellis v. Hansen & Adkins Auto Transp.*, Civil No. 09-677-GPM, 2009 WL 4673933, at *3 (S.D. Ill. Dec. 4, 2009). This is because, in evaluating fraudulent joinder, a court is narrowly confined to the pleadings and must resolve all questions of fact and of law against removal, save in a small class of cases where a plaintiff's inability to establish a cause of action against a diversity-defeating party in state court can be proven incontrovertibly through summary evidence. *See Moore v. Johnson & Johnson*, Civil No. 09-854-GPM, 2009 WL 3349859, at *3 (S.D. Ill. Oct. 19, 2009) (collecting cases).

Cottrell contends that Auto Handling has been fraudulently joined because the Court lacks personal jurisdiction over the non-diverse Defendant. The Court does not agree. As an initial matter, the Court notes that lack of personal jurisdiction is a "personal privilege[ ] of the defendant" as to which jurisdiction is lacking, and therefore a lack of personal jurisdiction must be asserted by the holder of the privilege (rather than, as here, a co-Defendant) or the issue is waived. *Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979). More to the point, a lack of personal jurisdiction does not go to the merits of Mr. and Mrs. Thompson claim against Auto Handling and thus does not show that they cannot establish a cause of action against the non-diverse Defendant. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (noting that lack of personal jurisdiction is a "non-merits ground[ ]" for dismissal); *In re LimitNone, LLC*, 551 F.3d 572, 577 (7th Cir. 2008) (quoting *Sinochem Int'l Co. v.*

*Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 433 (2007)) (alluding to the "nonmerits threshold question of personal jurisdiction"); *Fernandez Neto v. Richmond*, No. 94 C 3846, 1994 WL 322959, at *1 (N.D. Ill. June 28, 1994) (personal jurisdiction is a "non-merits issue[ ]"). To prove fraudulent joinder "[t]he defendant must show that, after resolving all issues of fact *and law* in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992) (emphasis in original).[1] Here Cottrell has not shown that Mr. and Mrs. Thompson cannot establish a cause of action against Auto Handling. Accordingly, this case will be remanded to state court.

### III. CONCLUSION

Pursuant to 28 U.S.C. § 1447(c), this case is **REMANDED** to the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, for lack of federal subject matter jurisdiction.

**IT IS SO ORDERED.**

DATED: March 8, 2010

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge

---

1. The Court notes that under the Federal Rules of Civil Procedure, of course, there are no "causes of action," only claims for relief. "The Rules of Civil Procedure divorced factual from legal aspects of the claim and replaced 'cause of action' with 'claim for relief' to signify the difference." *NAACP v. American Family Mut. Ins. Co.*, 978 F.2d 287, 292 (7th Cir. 1992) (citing *Bartholet v. Reishauer A.G. (Zürich)*, 953 F.2d 1073, 1078 (7th Cir. 1992)).